IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARCUS WHITE,<br>TDCJ No. 1625812,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | EP-22-CV-127-FM |
| | § | |
| BOBBY LUMPKIN,<br>Director, Texas Department of<br>Criminal Justice—Correctional<br>Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Marcus White challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet, ECF No. 1.[1] His petition is opposed by Lumpkin as untimely, or alternatively, because his claims are procedurally barred, without merit, or fail to state a cognizable claim. Resp't's Answer, ECF No. 12 at 1. His petition is denied as time barred.

### **BACKGROUND AND PROCEDURAL HISTORY**

On August 21, 2009, White was sentenced to 70 years' imprisonment in the 409th District Court of El Paso County, Texas, for his part in the gang-related murder of Valentin Rodriguez. *Ex parte White*, No. WR-90,841-01, 2020 WL 1873863, at *2 (Tex. Crim. App. Apr. 15, 2020) (Newell, J., concurring). White got into an argument with Rodriguez over a woman at a party. *Id*. As Rodriguez left the party, White shoved him to the ground and caused Rodriguez to hit his head on the sidewalk. *Id*. White and several of his gang then began punching, kicking, and stomping the

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

unconscious Rodriguez until Rodriguez's friends managed to get him away. *Id*. White's victim later died from blunt force trauma to the head. *Id*.

The Eighth Court of Appeals affirmed White's conviction on October 12, 2011. *White v. State*, No. 08-09-00269-CR, 2011 WL 4825650 (Tex. App.–El Paso Oct. 12, 2011, pet. ref'd) (not designated for publication). The Court of Criminal Appeals refused his petition for discretionary review on March 30, 2012. State Court R., ECF No. 9-18.

On November 22, 2019—over seven and a half years after the Court of Criminal Appeals refused White's petition for discretionary review—he filed a state application for a writ of habeas corpus. State Writ R., ECF No. at 40–56. He raised three claims: (1) prosecutorial misconduct; (2) actual innocence; and (3) ineffective assistance of trial counsel. *Ex parte White*, 2020 WL 1873863, at *2 (Yeary, J., concurring). On April 14, 2021, his application was denied by the Court of Criminal Appeals without written order on the trial court's findings. State Writ R., ECF No. 10-24.

In his federal petition—signed on April 11, 2022—White asserts two grounds for relief. First, he claims the evidence presented at his trial was insufficient to support his conviction for murder. Pet'r's Pet., ECF No. 1 at 5. Then, he maintains his counsel provided constitutionally ineffective assistance. *Id*. at 7. He asks the Court to order the state trial court to afford him an opportunity to present his claims and grant him any other relief to which he may be entitled. *Id*. at 15. He argues his petition is timely because he submitted it within one year after exhausting all his state remedies. *Id*. at 13.

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners

2

whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Consequently, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only " 'in rare and exceptional circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, " 'or is prevented in some extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398,

402 (5th Cir. 1999)). However, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

White did not file his federal petition within one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). His petition for discretionary was refused by the Court of Criminal Appeals on March 30, 2012. State Court R., ECF No. 9-18. So, his conviction became final 90 days later—on June 28, 2012—when the time to file a petition for a writ of certiorari with the Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). As a result, he had one year—until June 28, 2013—to timely file a federal petition under 28 U.S.C. § 2244(d)(1)(A). *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one-year limitation period in §2244 (d) of AEDPA); 28 U.S.C. § 2244(d)(1)(A).

White constructively filed his federal petition on April 11, 2022, the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 1 at 15; *see United States v.*

*Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se* motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). Thus, he submitted it nearly nine years beyond the statutory deadline.

Additionally, White's state writ application did not toll the limitation period. *See* 28 U.S.C. § 2244(d)(2). He filed his state writ application on November 22, 2019—over seven years after his conviction became final. State Writ R., ECF No. at 40–56; Pet'r's Pet., ECF No. 1 at 3. Consequently, White's "state habeas application did not toll the limitation period . . . because it was not filed until after the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

White does not assert an unconstitutional "State action" prevented him from filing for federal relief. *See* 28 U.S.C. § 2244(d)(1)(B). Further, his claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. *See id*. § 2244(d)(1)(C).

White does suggest he has "newly discovered evidence" which would render his petition timely pursuant to § 2244(d)(1)(D). Pet'r's Pet., ECF No. 1 at 7. Specifically, he claims the delay in filing a state writ application was due to three factors. Mem. in Supp., ECF No. 3 at 5–6. First, he contends he could not obtain a copy of the transcript from the 2016 civil trial of his Co-defendant, Michael Romero. *Id*. at 5. He maintains the transcript contained the "critical testimony" of an eyewitness, Alfonso De Matias. *Id*. Second, he reports he did not know De Matias testified at Romero's trial that he witnessed another person, David Medina, accidentally drop the victim on his head as he carried him away. *Id*. at 6. Finally, he "submits that 'absent' that transcript, his

ability to prepare and present 'that' adequate and proper defense on post-conviction (Writ of Habeas Corpus) was 'impaired.' " *Id*.

But Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan*, 154 F.3d at 199. It runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan*, 154 F.3d at 199).

As the state habeas court found in its adopted findings, White was on notice of the facts which would support his claim at the time of his trial because (1) Medina testified, and (2) De Matias was subpoenaed to testify:

> 16. The record reflects that the applicant was aware that at his trial, Medina testified that the victim was being hit as they walked out of the house, which caused the victim to fall and at which point, he let him go.
>
> 17. The record reflects that applicant was aware that Medina testified that he slipped while he dragged the victim away from the assault scene.
>
> \* \* \* \*
>
> 19. The record reflects that the applicant, with the exercise of due diligence, could have interviewed De Matias, as De Matias was available, given that both applicant and the State subpoenaed De Matias to testify at the applicant's trial and De Matias appeared, but did not testify.

State Writ R. (Supp. Vol. 7), ECF Doc. 10-19 at 45. The state habeas court accordingly found that the substance of Medina's testimony and De Matias's potential testimony was not newly discovered or newly available evidence:

7

39. This Court finds that the applicant has failed to demonstrate any newly discovered evidence in support of his actual-innocence claim.

40. The record reflects that Medina's testimony that the victim was being hit as they walked out of the house, which caused the victim to fall and at which point, he let him go is not newly discovered or newly available evidence, as it was known to the applicant.

41. The record reflects that Medina's testimony that he slipped and fell while dragging the victim away from the assault scene is not newly discovered or newly available evidence, as it was known to the applicant.

&ast; &ast; &ast; &ast;

44. The record reflects that De Matias was subpoenaed for the applicant's trial by both the State and the applicant and that De Matias sat in the hallway outside the courtroom for an entire week.

45. This Court finds that De Matias was available to be interviewed by the applicant at the time of his trial because the applicant and the State subpoenaed De Matias to the applicant's trial and De Matias was present for an entire week of trial.

46. The record reflects that De Matias' testimony from a civil trial where De Matias testified that while Medina carried the victim away from the assault scene, he slipped and fell, which caused the victim's head to hit the concrete is not newly discovered or newly available evidence, as applicant with the exercise of due diligence, could have interviewed De Matias regarding the matter.

47. The record reflects that Medina was questioned regarding whether he or his friends inflicted any injuries on the victim, to which he replied that they had not.

48. The record reflects that Medina was cross-examined regarding the difficulty that he and his friends experienced in trying to carry the victim up to his second-story apartment.

49. The record reflects that applicant, with the exercise of due diligence, could have discovered De Matias' alleged new testimony that he saw Medina helping the victim "walk to a car to drive away from the party. As Mr. Medina was walking with Mr. Rodriguez (the victim), Mr. Medina accidentally dropped Mr. Rodriguez and Mr. Rodriguez fell and his head on the concrete.

*Id*. at 48–49.

Because White was aware of these facts at the time of his trial, he is not entitled to a later factual predicate date pursuant to § 2244(d)(1)(D). Hence, his petition is time barred and he cannot obtain § 2244 relief unless he meets his burden of showing an entitled to equitable tolling or can prove his actual innocent.

Equitable tolling is appropriate only in "rare and exceptional circumstances." *Felder*, 204 F.3d 170–71 (5th Cir. 2000). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999). It "is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713. Indeed, "for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403.

White does not suggest the State misled him or cause the delay in filing a state or federal petition. He also falls far short of exhibiting reasonable diligence in pursuing his claims. His explanation for his delay in filing his § 2254 petition is simply insufficient to support a finding he is entitled to equitable tolling. He cannot meet his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2255 motion. *Lawrence*, 549 U.S. at 336.

A petitioner may overcome the AEDPA statute of limitations by a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But actual innocence means factual innocence—not mere legal insufficiency. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner must demonstrate—considering all the evidence—it is more likely than not that no reasonable juror would have

9

convicted him to establish actual innocence. *Bousley*, 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 328). And a petitioner must support his allegations of constitutional error with reliable new evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *Schlup*, 513 U.S. at 324.

Here, the state habeas court found White failed to provide any newly discovered evidence in support of his actual-innocence claim. State Writ R. (Supp. Vol. 7), ECF Doc. 10-19 (Finding No. 39; Conclusion No. 11), ECF Doc. 10-19 at 48, 53. In fact, it specifically found De Matias's testimony failed to establish White was actually innocent:

> 42. The record reflects that the applicant's recitation of Medina's testimony is inaccurate.
>
>     * * *
>
> 52. This Court finds that applicant failed to meet his burden, by clear and convincing evidence, to establish his actual innocence.
>
> 53. The record reflects that at the trial of applicant's co-defendant, De Matias failed to testify that the victim's head struck the concrete when Medina fell while dragging the victim when he testified about the incident.
>
> 54. The record reflects that De Matias' alleged new testimony that Medina dropped the victim when he was dragging him fails to establish that the applicant is innocent, as it simply conflicts with Medina's testimony that he and his friends did not do anything to further injure the victim and with the witnesses who testified that the victim fell and hit his head on the concrete when applicant or one of his gang members struck him.
>
> 55. This Court finds that the applicant's proffered evidence fails to establish that no reasonable juror would have found him guilty.

State Writ R. (Supp. Vol. 7), ECF Doc. 10-19 at 48–49.

A state court's factual findings are "presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

10

U.S.C. § 2254(e)(1); *see also Reed v. Stephens*, 739 F.3d 753, 773 n.8 (5th Cir. 2014) (declining petitioner's suggestion that the Court not apply section 2254(e)(1)'s presumption of correctness to the Court of Criminal Appeals' review of his actual innocence claim under *Schlup*); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (explaining the presumption of correctness also applies to "those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Furthermore, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

White simply fails—with his assertions of innocence unsupported by the record—to rebut by clear and convincing evidence the presumption of correctness of the state court's factual findings concerning his claims of actual innocence.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would

find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying White's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that White's § 2254 petition is time barred, White is not entitled to equitable tolling, and it need not address the merits of White's claims. The Court further concludes that White is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that White's *pro se* "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that White is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 15th day of August 2022.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**